**Robert E. METIVIER**

v.

**PAWTUCKET ZONING BOARD OF APPEALS et al.**

**No. 97–16–Appeal.**

Supreme Court of Rhode Island.

May 8, 1998.

Richard F. Kirby, Kerry F. Walsh, Providence, Christopher E. Fay, Cranston.

Mortimer C. Newton, Providence.

**ORDER**

This appeal questions whether any meeting or discussion leading to the preparation and signing of a letter to Rhode Island's attorney general by the members of a municipal zoning board violated the open meetings law, G.L.1956 § 42–46–1 *et seq.* A Superior Court motion justice granted summary judgment in favor of the defendants (present and former city of Pawtucket (city) zoning board members) who signed the letter. The plaintiff, Robert E. Metivier (Metivier), the city's

former mayor, appeals from that judgment. After ordering the parties to show cause why we should not decide this appeal summarily, we conclude that no cause has been shown and proceed to affirm the motion justice's granting of summary judgment.

The April 28, 1994 letter in issue was signed by certain present and former members of the city's zoning board. In essence, it welcomed the attorney general's investigation of an alleged open meetings law violation concerning an earlier zoning board session. The letter provided certain background information pertaining thereto, and asked the attorney general to investigate other matters relating to Metivier and his administration. The defendants moved for summary judgment claiming inter alia that no meeting of the city's zoning board had ever been convened to sign the letter to the attorney general. The motion justice granted this motion and we agree that the ruling was a proper one.

Section 42–46–2(a) of the Open Meetings Act defines a meeting as "the convening of a public body to discuss and/or act upon a matter over which the public body has supervision, control, jurisdiction, or advisory power." None of the subjects addressed in the defendants' letter to the attorney general constitute matters within the zoning board's supervision, control, jurisdiction, or advisory power. Accordingly, even assuming that the defendants met with one another privately to discuss the subjects addressed in the letter to the attorney general, they did not violate the Open Meetings Act in so doing.

For this reason, we affirm the summary judgment in favor of the defendants and deny plaintiff's appeal.